ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SYLMARIE SOCORRAS FIGUEROA, SONYMARIE SOCORRAS FIGUEROA<br><br>Apelante<br><br><br>v.<br><br><br><br>YANMARIE SOCORRAS FIGUEROA, GABRIEL GÓMEZ SOTO<br><br>Apelado | KLAN202500324 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024RF00403<br><br>Salón: 704 Rf<br><br>Sobre: Custodia-Monopaternal o Compartida |

Panel integrado por su presidenta, la Juez Brignoni Mártir,[1] el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico a 15 de julio de 2025.

Comparece ante nos la señora Yanmarie Socarrás Figueroa ("Sra. Socarrás" o "Apelante") y nos solicita que revoquemos dos determinaciones del Tribunal de Primera Instancia, Sala Superior de San Juan ("foro de instancia" o "foro recurrido"). Primeramente, la Orden emitida el 14 de marzo de 2025[2] en la que el foro de instancia declaró *No Ha Lugar* la solicitud de reconsideración presentada por la Apelante. En segundo lugar, la Resolución emitida el 14 de marzo de 2025[3]. En esa ocasión, y en lo referente a la controversia ante nos, el foro recurrido acogió las recomendaciones del Informe Social, sin perjuicio del resultado final de la

---

[1] Mediante Orden Administrativa OATA-2025-068 del 7 de mayo de 2025 se designa a la Hon. Maritere Brignoni Mártir en sustitución del Hon. Félix R. Figueroa Cabán para entender y votar.
[2] Notificada el 17 de marzo de 2025.
[3] Notificada el 21 de marzo de 2025.

impugnación y le impuso sanciones económicas a la Apelante en su carácter personal.

Por los fundamentos que exponemos a continuación, **revocamos** la determinación recurrida.

-I-

A continuación, detallamos los hechos pertinentes a la controversia ante nos.

El 19 de marzo de 2024, la señora Sylmarie Socarrás Figueroa presentó una *Demanda*[4] sobre custodia de menores contra su hermana, Yanmarie Socarrás Figueroa. Posteriormente, la Apelante presentó su alegación responsiva solicitando la desestimación del caso. El 7 de mayo de 2024, el foro recurrido declaró *No Ha Lugar* dicha petición.[5] Así las cosas, el 12 de julio de 2024 la Sra. Socarrás presentó su contestación a Demanda.[6]

El 19 de septiembre de 2024, la Unidad Social del foro de instancia presentó su Informe Pericial ("Informe").[7] Mediante Orden notificada el 26 de septiembre de 2024, el foro de instancia les concedió a las partes un término de veinte (20) días para fijar su posición sobre el Informe. Además, advirtió que "*[t]ranscurrido dicho término sin que se haya presentado oposición, el Tribunal lo acogerá como final, sin más citarles, ni oírles*".[8] El 13 de noviembre de 2024, Sylmarie Socarrás y Sonymarie Socarrás ("Apeladas") presentaron su posición indicando estar conformes con el Informe.[9] Posteriormente, el 15 de noviembre de 2024, a solicitud de la parte apelante, el Tribunal le concedió

---

[4] Véase Apéndice 1 del Alegato en oposición, págs. 1-4.
[5] *Íd.*, Apéndice 6.
[6] *Íd.*, Apéndice 11.
[7] *Íd.*, Apéndice 12.
[8] *Íd.*, Apéndice 13.
[9] *Íd.*, Apéndice 18.

un término de cinco (5) días para emitir su posición respecto al Informe.[10] El 3 de diciembre de 2024, la Apelante expuso que no presentaría un perito para impugnar el Informe, pero solicitó una vista de impugnación.[11] Así, el 4 de diciembre de 2024, el foro de instancia emitió una *Orden*[12] citando a las partes al juicio en su fondo pautado para el 11 de febrero de 2025. Además, ordenó a las partes a reunirse y preparar el Informe entre Abogados. El 11 de febrero de 2025, luego de comenzada la vista, las partes solicitaron reunirse con el fin de lograr una transacción. Sin embargo, luego de reanudar las labores, la representación legal de la Apelante informó que no lograron llegar a un acuerdo. Escuchado los planteamientos de ambas partes, el foro de instancia reseñaló el juicio para el 7 de marzo de 2025.[13] Ahora bien, el 6 de marzo de 2025, la Apelante presentó una *Moción Extremadamente Urgente Solicitando Transferencia de Vista*[14]. En esa ocasión, señaló que le había surgido una emergencia familiar y que su hermana sería sometida a una neurocirugía al día siguiente. Ese mismo día, el foro recurrido emitió una *Orden*[15] en la que le ordenó a la Apelante someter evidencia médica en o antes de las 2:00pm de ese día. A tenor con lo anterior, la Apelante presentó una *Moción Solicitando Suspensión de Vista*[16] en la que alegó haber hecho las gestiones necesarias para obtener un certificado sobre el procedimiento médico, sin embargo, no tuvo éxito. Oportunamente, la parte apelada se opuso a la suspensión

---

[10] *Íd.*, Apéndice 20.
[11] *Véase* Apéndice 9 del recurso apelativo, pág. 28.
[12] *Véase* Apéndice 22 del Alegato en oposición.
[13] *Íd.*, Apéndice 27.
[14] *Véase* Apéndice 13 del recurso apelativo, págs. 39-40.
[15] *Íd.*, Apéndice 3, pág. 7.
[16] *Íd.*, Apéndice 14, pág. 42.

de la vista alegando que el señalamiento debía permanecer, dado que ya se habían presentado muchas dilaciones en el proceso.[17] Así las cosas, el foro de instancia emitió una *Orden*[18] señalando que una neurocirugía se debió conocer con tiempo suficiente para solicitar la suspensión oportuna de la vista. A pesar de ello, declaró con lugar la moción de suspensión y dejó en pie el señalamiento pautado para el 14 de marzo de 2025. Además, por no haberse provisto evidencia que justificara la suspensión, el 6 de marzo de 2025[19], el foro de instancia dictó *Sentencia*[20] acogiendo las recomendaciones de custodia del Informe, "*sin perjuicio del resultado final de la impugnación*".[21]

Finalmente, el 14 de marzo de 2025 se llevó a cabo la vista de impugnación. Sin embargo, la Apelante no compareció al tribunal y tampoco se excusó. Siendo así, el foro de instancia dio por desistida la impugnación del Informe, acogió las recomendaciones de este e impuso una sanción de $250 a favor de las Apeladas y del señor Gabriel Gómez Soto, padre de la menor, a ser pagadas por la Apelante[22]. Ese mismo día, la Apelante presentó una *Moción Extremadamente Urgente de Reconsideración*[23] respecto a la Sentencia del 6 de marzo de 2025. Dicha moción fue declara *No Ha lugar* por el foro recurrido.[24]

Inconforme con la determinación del foro de instancia, el 16 de abril de 2025 la Sra. Socarrás acudió

---

[17] *Íd.*, Apéndice 15, págs. 43-44.
[18] *Íd.*, Apéndice 4, pág. 10.
[19] Notificada el 12 de marzo de 2025.
[20] *Véase* Entrada #307 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[21] *Véase* Apéndice 4 del recurso apelativo, pág. 10.
[22] *Íd.*, Apéndice 5, págs. 13-15.
[23] *Íd.*, Apéndice 6, págs. 16-19.
[24] Íd., Apéndice 1, págs. 1-2.

ante nos mediante recurso de apelación e hizo los siguientes señalamientos de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE RELACIONES DE FAMILIA DE SAN JUAN, AL DICTAR SENTENCIA Y DESESTIMAR LAS ALEGACIONES DE LA APELANTE, SIN CUMPLIR CON EL PROCEDIMIENTO DISPUESTO EN LA REGLA 39.2 DE LAS DE PROCEDIMIENTO CIVIL EN CRASA VIOLACION AL DEBIDO PROCESO DE LEY DE LA PETICIONARIA Y EN DETRIMENTO DEL INTERÉS ÓPTIMO DE LA MENOR.

> ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE RELACIONES DE FAMILIA DE SAN JUAN, AL APLICAR DOS SANCIONES A LA PARTE APELANTE: DESESTIMAR SUS ALEGACIONES E IMPONERLE SANCIONES ECONÓMICAS.

> ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE RELACIONES DE FAMILIA DE SAN JUAN, AL DETERMINAR QUE LA SUSPENSIÓN DEL SEÑALAMIENTO DEL 6 DE MARZO DE 2025 NO FUE POR JUSTA CAUSA.

-II-

La Regla 39.2 de Procedimiento Civil establece la facultad discrecional de los tribunales para imponer sanciones económicas, así como para desestimar una demanda o eliminar las alegaciones, cuando una parte no ha cumplido con las referidas reglas o con cualquier orden emitida por el tribunal.[25] Por lo tanto, si un tribunal estima que las actuaciones de una parte involucrada en un pleito están entorpeciendo los procedimientos, tiene amplia facultad para prohibir, sancionar o castigar este tipo de conducta.[26] Ello responde al hecho de que, "[c]omo regla general, los *tribunales están obligados a desalentar la práctica de falta de diligencia e incumplimiento con las órdenes del tribunal mediante su efectiva, pronta y oportuna*

---

[25] *Véase* Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2. Además, véase Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.7.
[26] *Rivera* v. *Insular Wire Products Corp.*, 140 DPR 912, 930 (1996).

*intervención*".[27] No obstante esta discreción debe ejercerse de manera juiciosa y apropiada.

En su inciso (a), la Regla 39.2 de Procedimiento Civil dispone lo siguiente:

> Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.
>
> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta [sic] no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el tiempo.[28]

Así pues, el fin perseguido por la Regla 39.2(a) resulta compatible con el principio recogido en nuestro ordenamiento jurídico que favorece que los casos se ventilen en sus méritos. Por tanto, es norma reiterada que, "*una vez se plantea ante el Tribunal de Instancia una situación que amerite la imposición de sanciones, este debe primeramente amonestar al abogado de la parte*".[29] Es decir, ante la inacción o incumplimiento de una de las partes, el tribunal deberá imponer

---

[27] *Mejías et al.* v. *Carrasquillo et al.*, 185 DPR 288, 298 (2012).
[28] 32 LPRA Ap. V, R. 39.2.
[29] *Mejías et al.* v. *Carasquillo et al.*, supra, a la pág. 297.

primeramente sanciones económicas al abogado de dicha parte.[30] Si lo anterior no produce resultados, "*procederá la desestimación de la demanda o la eliminación de las alegaciones, luego de que la parte haya sido debidamente informada y apercibida de las consecuencias que puede acarrear el incumplimiento*".[31]

-III-

En el presente caso, la Apelante alega que el foro recurrido no cumplió con el procedimiento establecido en las Reglas de Procedimiento Civil respecto a la desestimación de las alegaciones. Además, señala que el foro de instancia abusó de su discreción al determinar que la solicitud de suspensión de la vista pautada para el 7 de marzo de 2025 no fue con justa causa. Por estar íntimamente relacionados, procedemos a discutir los señalamientos de error de manera conjunta. Veamos.

Según se desprende de los hechos del caso, se experimentaron una serie de atrasos referente a la impugnación del Informe social. El 26 de septiembre de 2024, el foro recurrido les concedió a las partes un término de veinte (20) días para presentar su posición sobre el Informe y advirtió que, de no presentarse la oposición, el Informe sería acogido en su totalidad sin más oportunidad de oírle. La Apelante no cumplió con dicha Orden. Ahora bien, el foro recurrido no acogió el Informe, según había señalado, y tampoco le impuso sanciones a la representación legal de la Apelante. En su lugar, le concedió un término de cinco (5) días para presentar su posición. Luego de vencido dicho término

---

[30] *Sánchez Rodríguez* v. *Adm. De Corrección*, 177 DPR 714, 725 (2009). Citas omitidas.
[31] *Mejías et al.* v. *Carasquillo et al.*, supra, a la pág. 297.

sin haber cumplido, la Apelante solicitó una vista de impugnación. En esa ocasión, el foro de instancia emitió una Orden citando a las partes para juicio el 11 de febrero de 2025. Lo anterior, sin haberle impuesto sanción alguna a la representación legal de la Apelante. Debido a que las partes no llegaron a un acuerdo, la vista del 11 de febrero de 2025 fue reseñalada para el 7 de marzo de 2025. Un día antes, el 6 de marzo de 2025, la Apelante solicitó la transferencia de la vista. Sin embargo, no presentó la evidencia requerida por el foro de instancia. Ante tales circunstancias, el foro recurrido acogió las recomendaciones del Informe, sin perjuicio del resultado final de la impugnación. Posteriormente, ante la incomparecencia de la Sra. Socarrás a la vista del 14 de marzo de 2025, el foro de instancia dio por desistida a la Apelante de la impugnación del Informe y le impuso sanciones económicas.

En nuestro ordenamiento jurídico existe una clara política pública de que los casos se ventilen en sus méritos. Por tratarse la desestimación de la sanción más severa, los tribunales tienen el deber de cumplir con el procedimiento dispuesto en las Reglas de Procedimiento Civil, particularmente, la regla 39.2(a).

Resulta evidente que la Apelante incumplió, en múltiples ocasiones, con las órdenes del tribunal. Ahora bien, su falta de diligencia no faculta al foro de instancia a obviar el procedimiento civil con el cual tiene que cumplir. De los autos del caso no surge que el foro recurrido le haya impuesto sanciones económicas a la representación legal de la Sra. Socarrás antes de dar por desistida a la Apelante de la impugnación del

Informe, según requiere la Regla 39.2(a). En su lugar, dio por desistida la demanda de impugnación y le impuso sanciones económicas a la Apelante en su carácter personal. Es menester señalar que las sanciones que puede imponer el tribunal en un escenario como el que nos ocupa, deben ir dirigidas al abogado y no a la parte.

A tenor con lo anterior, concluimos que las sanciones tomadas por el foro recurrido fueron contrarias a derecho, en la medida en que no se cumplió con el procedimiento establecido en la Regla 39.2(a).

-IV-

A la luz de los fundamentos antes expresados, se *revoca* el dictamen recurrido y se devuelve el caso al foro de instancia para la continuación de los procedimientos de conformidad con lo aquí expresado.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

La Juez Brignoni Mártir, muy respetuosamente por los fundamentos esbozados en el Alegato en Oposición a Apelación, *disiente*.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones